UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10878 |
| | : | CHAPTER 7 |
| BRENDA L. CUTSHALL, DEBTOR | : | |
| | : | |
|    RICHARD W. ROEDER, ESQ., | : | DOCUMENT NOS. 32, 37 and 47 |
|    TRUSTEE, APPLICANT | : | |
| vs. | : | |
| NO RESPONDENT | : | |

## AMENDED MEMORANDUM[1]

Brenda L. Cutshall ("Debtor") filed a voluntary Petition Under Chapter 7 of the Bankruptcy Code on March 21, 2005. Richard W. Roeder, Esq., was appointed and serves as Chapter 7 Trustee (the "Trustee"). The Trustee also serves as Attorney Pro Se.

The sole asset available for administration by the Trustee was a parcel of real estate owned by Debtor and a Co-owner. The Trustee engaged a realtor and when a buyer was found, filed a Complaint for Sale and, after the sale transaction closed, a Report of Sale. The sale price was $219,500. From the sale price, the following items were paid:

| | |
|---|---|
| Realtor's commission | $13,170.00 |
| Transfer taxes | $2,195.00 |
| Judgment Lien | $10,251.96 |
| Mortgage – Marquette | $35,880.77 |
| Real estate taxes | $2,529.91 |
| Mortgage – GMAC | $72,034.73 |

---

[1] The change in this Amended Memorandum is that the date of the hearing on the Trustee's Final Account and Proposed Distribution was held on October 2, 2006, not December 4, 2006.

1

      Co-owner                                    $36,592.84

                   Total Disbursed     $172,655.21

The cash balance in the bankruptcy estate from the sale is $46,844.79.

The Trustee has filed his Final Report and Account, an Application for Compensation as Trustee, and an Application for Compensation as Attorney Pro Se. The Trustee requests compensation as trustee in the amount of $11,400.64 plus $279.58 in expenses and compensation as Attorney Pro Se in the amount of $892.50.

A hearing on the Trustee's Final Account and Proposed Distribution was held on October 2, 2006. The Trustee presented his report to the Court. The Court took all matters under advisement.

The Trustee seeks allowance of the maximum compensation allowable under § 326.

Section 326 provides:

> **§ 326.  Limitation on compensation of trustee**
>
> (a) In a case under Chapter 7 or 11, the court may allow <u>reasonable</u> compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). (emphasis added).

The language of § 326(a) sets forth the maximum compensation payable to a Chapter 7 trustee.

2

> Courts have emphasized repeatedly that a trustee is not entitled to the maximum fee allowed under § 326(a); "[t]he maximum compensation allowable under § 326(a) is awarded to a . . . trustee only in cases in which the result obtained and the benefit realized by the estate are exemplary." *Narragansett Clothing,* 210 B.R. at 496; *see also Biskup,* 236 B.R. at 336 ("The language of § 326 is permissive rather than mandatory in that it fixes the maximum compensation of a trustee, and it is not to be construed as an entitlement to the maximum fee specified."); *In re Guyana Dev. Corp.,* 201 B.R. 462, 474 (Bankr. S.D. Tex. 1996) (same); H.R. REP. NO. 95-595, at 329 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6286 ("Section 330 authorizes compensation for services and reimbursement of expenses of officers of the estate . . . . [T]he compensation allowable under this section is subject to the maxima set out in section [ ] 326.").

In Re Lan Associates, 192 F.3d. 109, 115-16 (3d. Cir. 1999).

Section 326(a) establishes a maximum compensation amount, not an entitlement. Under both § 330(a)(1) and § 326, the bankruptcy court has to consider the reasonableness of fees requested in ruling on a fee application of a Chapter 7 trustee.

The Trustee in this case engaged a realtor, processed a sale, and filed a Report of Sale. The Trustee expended 13.7 hours in providing services. For these services, the Trustee requests the maximum commission allowable under § 326, which results in a Trustee's commission of $11,402.63 or $832.31 per hour.

The Trustee has generated significant disbursements in this case, but the proportionate efforts by the Trustee do not warrant a fee of $11,402.63.

3

The Court proposes to allow Trustee Compensation in the amount of $5,480, plus reimbursement of expenses in the amount of $279.58 and an allowance as compensation as Attorney Pro Se in the amount of $892.50.  The Trustee will be given an opportunity to request an evidentiary hearing.  An appropriate Order will be entered.

    /s/ Warren W. Bentz
    Warren W. Bentz
    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10878 |
| | : | CHAPTER 7 |
| BRENDA L. CUTSHALL, DEBTOR | : | |
| | : | |
|    RICHARD W. ROEDER, ESQ., | : | DOCUMENT NOS. 32, 37 and 47 |
|    TRUSTEE, APPLICANT | : | |
| vs. | : | |
| NO RESPONDENT | : | |

## ORDER

This 12th day of April, 2007, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED as follows:

1. The Court proposes to enter an Order which allows Trustee compensation of $5,480, plus reimbursement of expenses in the amount of $279.58 and an allowance of the Trustee's Attorneys' fees in the amount of $892.50.

2. The Trustee shall have 10 days to request an evidentiary hearing on the reasonableness of such fees, in default of which the proposed order will be entered.

                                              /s/ Warren W. Bentz
                                              Warren W. Bentz
                                              United States Bankruptcy Judge